UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.L. MARKHAM, DDS, MSD INC. 401(K) PLAN, et al., | No. 2:21-CV-07 TLN KJN |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY |
| v. | (ECF No. 29.) |
| VARIABLE ANNUITY LIFE INSURANCE COMPANY, et al., | |
| Defendants. | |

    This case concerns allegations that defendants Variable Annuity Life Insurance Company ("VALIC"), VALIC Financial Advisors ("VFA"), and VALIC Retirement Services Company ("VRSCO") knowingly participated in a prohibited transaction and engaged in self-dealing related to plaintiffs' 401k plan. (See ECF No. 1.) Defendants moved to dismiss all claims against them, and plaintiffs opposed. (See ECF Nos. 19, 20, 23, 24.) On April 2, 2021, the assigned district judge took the matters under submission without oral argument. (ECF No. 25.)

    Currently before the Court is defendant VALIC's Motion to Stay Discovery and plaintiffs' opposition. (ECF No. 29.) Defendant maintains that a stay should be imposed because the pending motions are potentially dispositive of all claims, discovery is unnecessary to resolve the motions to dismiss, and discovery will be unduly burdensome to defendants. Plaintiffs disagree, arguing discovery should proceed because the motions to dismiss will not dispose of all claims, discovery is relevant to the motions to dismiss, and defendants' prejudice arguments are cursory

and unsubstantiated.  (See Id.)

The Court finds that in the interest of judicial economy, a stay of discovery is appropriate. See Fed. R. Civ. P. 26(c)(1).  The undersigned has taken a preliminary peek at the motions currently before the assigned district judge, and finds defendants' arguments potentially dispositive of the case.  Particularly, the parties have argued to the district judge the applicability of competing case law to the facts of the case.  (Cf. ECF No. 20 with ECF No. 23.)  Further, despite plaintiffs' contentions that the sought-after discovery is relevant to their opposition, plaintiffs have not raised this issue with the district judge, who appears to have taken the motions to dismiss under submission solely based on the allegations in the pleadings.  Finally, as to the prejudice to plaintiffs and burdens on defendants, the undersigned finds the latter outweighs the former.  Plaintiffs have propounded seven interrogatories and 78 requests for production on VALIC.  (See ECF No. 30.)  Despite some concern as to defendants' calculations on the number of hours required to respond, it is facially evident that responding to these requests will require significant effort on defendants' part.  This burden heavily outweighs the (likely) few more months plaintiffs may need to wait for the district judge to resolve the motions to dismiss.

For these reasons, a stay of discovery is in line with the principles of judicial economy and the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 26(c)(1); see also, e.g., Song Fi v Google, 2016 WL 9185325 (N.D. Cal. April 27, 2016) (granting a stay of discovery prior to resolution of a motion to dismiss).  Accordingly, IT IS HEREBY ORDERED:

1. Defendant VALIC's motion to stay discovery (ECF No. 29) is GRANTED;
2. The parties shall continue discussing their discovery obligations in case the district judge finds some of plaintiffs' claims can move forward, with or without amendment; and

////
////
////
////
////
////

3. After the district judge has ruled on the motions to dismiss, the parties shall file a brief joint statement with the undersigned indicating their position on (a) whether the stay should remain in place, (b) whether some limited discovery can proceed, or (c) whether they require a follow-up hearing (formal or informal) before the magistrate judge.

Dated: February 15, 2022

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mark.7

3